JS-6

```
cc: order, docket, remand letter
to Los Angeles Superior Court,
East District, West Covina, No. 12U00693
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-7,<br><br>                    Plaintiff,<br><br>          v.<br><br>EDGAR GAMBOA and DOES 1–10, Inclusive,<br><br>                    Defendants. | Case No. 2:12-cv-05914-ODW (AGRx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** |

The Court is in receipt of Defendant Edgar Gamboa's Notice of Removal. Having carefully considered the papers filed in conjunction with Defendant's Notice, the Court determines that it lacks subject matter jurisdiction over this case. Accordingly, the case is hereby **REMANDED** to Los Angeles Superior Court.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be

1  remanded to state court if the federal court lacks subject matter jurisdiction. 28

2  U.S.C. § 1447(c).

3      The party seeking removal bears the burden of establishing federal jurisdiction.

4  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*

5  *v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).   "The presence or absence of

6  federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which

7  provides that federal jurisdiction exists only when a federal question is presented on

8  the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*,

9  482 U.S. 386, 392 (1987).  While a plaintiff may therefore avoid federal jurisdiction

10  by relying exclusively on federal law, "[i]t is settled law that a case may not be

11  removed to federal court on the basis of a federal defense."  *Hunter v. Phillip Morris*

12  *USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009) (internal quotation marks omitted); *see*

13  *also Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tru*st, 463 U.S. 1, 10

14  (1983) (an actual or anticipated federal defense is not sufficient to confer jurisdiction).

15      A case removed from state court should be remanded if it appears that it was

16  removed improvidently.  28 U.S.C. § 1447(c).  Because the "removal statutes are

17  strictly construed against removal," doubts about removal must be resolved in favor of

18  remand.  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979); *see*

19  *also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must

20  be rejected if there is any doubt as to the right of removal in the first instance.").

21      To the extent Defendant contends this Court has jurisdiction over this case

22  pursuant to § 1331, this unlawful detainer action does not present a federal question.

23  *Aurora Loan Servs. v. De La Rosa*, No. 11-912, 2011 U.S. Dist. LEXIS 69217, at *3

24  (C.D. Cal. June 27, 2011); *see also IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. 09-

25  2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an

26  action to state court for lack of subject matter jurisdiction where plaintiff's complaint

27  contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park*, No. 09-

28  1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only

asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").  Additionally, the Complaint does not allege any other federal question, and any federal defense Defendant raises is irrelevant with regard to jurisdiction.  Therefore, the Court does not have jurisdiction over this case under § 1331.

Defendant may alternatively contend that this Court has diversity jurisdiction over this case pursuant to § 1332.  Diversity jurisdiction does not exist in this matter.

For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Under the "legal certainty" standard, a federal court lacks subject matter jurisdiction under § 1332 where "upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount."  *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)).  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

The object of this unlawful detainer action is the fair rental value of the premises Defendant now owes Plaintiff—$52.60 per day—for remaining in a home that no longer belongs to him from May 9, 2012, through entry of judgment.  (Compl. ¶ 13.)  Indeed, the face of Plaintiff's Complaint indicates that Plaintiff does not demand an amount in excess of $10,000.00.  Therefore, the amount in controversy in this case does not exceed $75,000.00, exclusive of interest and costs.

/ / /

/ / /

/ / /

For the reasons discussed above, the Court **REMANDS** this case to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**

July 17, 2012

_____

**HON. OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**